Herbert Theodore Patty, State Bar No. 255,502
**The Law Office of Herbert T. Patty**
111 N. Market Street, Suite 300
San Jose, CA 95113
Cell:   408-520-8701
Fax:    408-549-9931
E-Mail:  herbert@htplaw.com; docketing@htplaw.com; htpattylaw@gmail.com

Attorney for Plaintiff BOSKO KANTE p/k/a BOSKO KANTE

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOSKO KANTE p/ka/ BOSKO KANTE, an individual<br><br>Plaintiff,<br><br>v.<br><br>DUA LIPA,an individual; STEPHEN KOZMENIUK p/k/a/ KOZ, an individual; WARNER MUSIC GROUP, CORP., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR:<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **BREACH OF CONTRACT**<br>3. **DECLARATORY RELIEF**<br>4. **PRELIMINARY INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff BOSKO KANTE p/k/a BOSKO KANTE (hereinafter "Plaintiff") hereby alleges as follows:

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF PARTIES

1. Plaintiff is, and at all times herein mentioned was, an individual, residing in the State of California, County of Los Angeles.

///

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**2.**   Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant DUA LIPA (hereinafter "Lipa") is, and at all times herein mentioned was, an individual, residing in the State of California, County of Los Angeles, and in the U.K. Lipa recorded at least a portion of her debut studio album entitled "Dua Lipa" in Los Angeles, and songs from the album were written or partially written in Los Angeles. In addition, her management team has offices in Los Angeles and the U.K.

**3.**   Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant STEPHEN KOZMENIUK p/k/a/ KOZ (hereinafter "Koz") is, and at all time herein mentioned was, an individual, residing in the State of California, County of Los Angeles and in Canada.

**4.**   Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendant WARNER MUSIC GROUP, CORP (hereinafter "WMG") is, and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 777 South Santa Fe Avenue, Los Angeles, California, 90021.

**5.**   Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 1 through 5 are, and at all times herein mentioned were, corporations, partnerships, or other business entities, which were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

**6.**   Plaintiff is informed and believes and, based upon such information and belief, alleges that DOES 6 through 10 are, and at all times herein mentioned were, individuals, who were and are legally responsible and liable for the acts, omissions, and events referred to in this Complaint.

**7.**   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues said Defendants under such fictitious names. Plaintiff will seek leave to amend this Complaint to allege their true names and capacities when the same have been ascertained.

**8.**   Plaintiff is informed and believes and, based on such information and belief, alleges that Defendants, and each of them, are, and at all times herein mentioned were, the alter-egos, agents, employees, partners, joint-venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership, or joint-venture. Plaintiff is further informed and believes and, based upon such information and belief, alleges that the acts and conduct herein alleged of each such Defendant were known to, authorized by, and/or ratified by the other Defendants, and each of them.

## JURISDICTION AND VENUE

**9.**   This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1338(a) because federal questions presented herein arise under the United States Copyright Act, 17 U.S.C. Sections 101 et seq.

**10.** This Court has personal jurisdiction over Defendants because the events giving rise to this claim occurred in the Central District of California, and all Defendants have purposefully directed either advertising, sales, distributions, performances, or digital transmissions of their recordings, including the infringing work to citizens and consumers of California.

**11.** Venue is proper in this District pursuant to 28 U.S.C. Section 1391 and 1400, in that the conduct hereinafter described has been and is presently being carried out and made effective, in substantial part, within the boundaries of the Central District of California, and Defendants transact business and are present in the Central District of California.

## FACTUAL ALLEGATIONS

**12.** Plaintiff is a well-known musical producer, a mechanical engineer, and one of the world's top talk box artists. He is also the founder of the company, ElectroSpit, that designs and manufactures the mobile talk box.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**13.** A talk box allows musicians to modify the sound of a musical instrument by shaping the frequency content of the sound and to apply speech sounds (in the same way as singing) onto the sounds of the instrument, and to control the modification of the instrument's sounds by changing the shape of the mouth, and vocalizing the instrument's output into a microphone.

**14.** The ElectroSpit Talk Box that was invented by Plaintiff is a neck-worn electronic system that is much easier to use and carry than the original talk boxes, as the device sends sound into the mouth by way of electromagnetic transducers placed against the throat, allowing the user to shape the sounds of a synthesizer, guitar, or any other electronic source.

**15.** In or about 2019, Plaintiff was approached by music producer, Stephen Kozmeniuk p/k/a/ Koz (hereinafter "Kozmeniuk"), who was one of the producers of a Dua Lipa track entitled "Levitating." Kozmeniuk asked Plaintiff about creating and performing a talk box performance, using the ElectroSpit Talk Box, to be licensed in connection with "Levitating."

**16.** Plaintiff did in fact compose, create, and record his performance on the ElectroSpit Talk Box, which included, among other things, original melodies and lyrics (hereinafter "Plaintiff's Work").

**17.** Following multiple attempts to come to a license agreement with Defendants over the use Plaintiff's performance in "Levitating," and Plaintiff's credit and compensation, no written agreement, including any sort of "work for hire" was ever executed. However, it was explicitly agreed, among other things, that Plaintiff's performance could be used by Defendants in the original recording of the track–only, and that there would be no sampling or reuse of Plaintiff's performance by Defendants.

**18.** Despite multiple requests, Plaintiff made it very clear, throughout his communications with Kozmeniuk, that any license that Plaintiff would grant for his recorded performance would be limited to use in the original recording of "Levitating," that no other uses would be allowed, including any other sampling or re-use, and that neither Dua Lipa nor anyone else (other than Plaintiff) would own any portion of Plaintiff's work.

**19.** However, Plaintiff did orally agree to license Plaintiff's Work for the original recording of

Complaint for Copyright Infringement, Kante vs. Dua Lipa et al.

"Levitating."

**20.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the original version of "Levitating" was released on March 26, 2020, on Dua Lipa's album entitled "Future Nostalgia."

**21.** Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendants, and each of them, incorporated a sample of Plaintiff's Work into a remix of "Levitating," by American DJ, the Blessed Madonna, featuring Madonna and Missy Elliott (hereinafter the "Blessed Madonna Remix").

**22.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the Blessed Madonna Remix was released for digital download and streaming on August 13, 2020, as the lead single from Lipa and the Blessed Madonna remix album "Club Future Nostalgia."

**23.** Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendants, and each of them, incorporated a sample of Plaintiff's Work into a second remix of "Levitating," featuring American rapper DaBaby (hereinafter the "DaBaby Remix").

**24.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the DaBaby Remix was released for digital download and streaming on October 1, 2020, in promotion of the bonus edition of the album "Future Nostalgia."

**25.** Plaintiff is informed and believes and, based upon such information and belief, alleges a third remix was created specifically for the American Music Awards on November 2022, in which a sample of Plaintiff's Work was featured prominently (hereinafter the "AMA Remix").

**26.** All three remixes sampled and incorporated a greater amount of Plaintiff's Work than that

used in the original version, including, but not limited to, additional lyrics and melody that were created by Plaintiff, which do not appear in the original version. Moreover, Plaintiff's Work is featured more prominently throughout the two remixes.

**27.** Plaintiff is informed and believes and, based upon such information and belief, alleges that "Levitating" reached No. 5 on the UK Singles Chart, and No. 2 on the US Billboard Hot 100, and was named the No. 1 song of 2021. "Levitating" was also the longest charting song by a female artist on the Billboard Hot 100 chart, spending a total of 77 weeks on the chart, and placing it 5th overall. "Levitating" also reached number two on the Billboard Global 200 chart, became No. 1 on the 2021 year-end chart, and was awarded a Platinum certification in the United Kingdom by the British Phonographic Industry for track-equivalent sales of 600,000 units.

**28.** However, it was the DaBaby Remix that was the most successful version of "Levitating." Plaintiff is informed and believes and, based upon such information and belief, alleges that the DaBaby Remix had 1.6 billion plays on Spotify (versus 600 million for the original. The DaBaby Remix also had the most plays on YouTube, with 641 million.

**29.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the DaBaby Remix reached No. 3 on the global chart, No. 1 on the New Zealand iTunes Chart, No. 2 on the Canadian Radio Chart, No. 2 on the New Zealand Apple Music Chart, No. 3 on the Canadian YouTube Chart, and No. 4 on the Australian Spotify Chart, having spent 30 weeks on the global chart.

**30.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the Blessed Madonna Remix had multiple YouTube music videos with approximately 40 million plays, and 50 million plays on Spotify.

**31.** Plaintiff is informed and believes and, based upon such information and belief, alleges that the Blessed Madonna Remix reached No. 1 on the Mexico iTunes Chart, No. 2 on the Chile Apple Music Chart, No. 11 on the Israel Radio Chart, No. 59 on the Australia YouTube Chart, and No. 86 on the U.K. Spotify Chart.

**32.** Defendants did not seek or receive any authorization or permission to use the composition or sound recording of Plaintiff's Work from Plaintiff.

**33.** Plaintiff made numerous attempts to resolve this matter short of litigation, but such efforts were unsuccessful, due to Defendants' unwillingness to cooperate or accept responsibility for this blatant infringement of Plaintiff's copyrights.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement of Composition– Against All Defendants)

**34.** Plaintiff adopts, re-alleges, and by this reference incorporates, Paragraphs 1 through 33 inclusive, hereinabove.

**35.** Plaintiff is the actual and beneficial owner of the composition entitled "Levitating," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. See Exhibit A.

**36.** Plaintiff is the beneficial owner of the sound recording of "Levitating featuring Bosko "ElectroSpit" Kante Talkbox," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. See Exhibit B.

**37.** Defendants, and each of them, had access to the composition and sound recording of Plaintiff's Work due to Plaintiff having worked with Defendants while recording and composing the original recording of "Levitating."

**38.** Defendants have produced, reproduced, prepared derivative works based upon, and distributed, a portion of the composition and sound recording of Plaintiff's Work in the Blessed Madonna Remix, the DaBaby Remix, and Remix 3 of their work entitled "Levitating" without the permission of Plaintiff.

**39.** Defendants' unauthorized reproductions, distributions, public performances, and/or digital

transmissions the Blessed Madonna Remix, the DaBaby Remix, and Remix 3 of "Levitating," as alleged above, each constitute separate infringements of Plaintiff's rights in and to the federally-registered composition and sound recording of Plaintiff's Work.

**40.** The foregoing acts of copyright infringement have been willful and intentional. Defendant's reproduction and distribution of Plaintiff's copyrights+ constitutes willful copyright infringement. Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991).

**41.** As a direct and proximate result of the Defendants' infringement of Plaintiff's copyrights, as alleged herein, Plaintiff has been damaged in the amount of at least $2,000,000.00, together with interest thereon at the legal rate. When Plaintiff ascertains the exact amount of said damages, he will seek leave of Court to amend this Complaint to set forth said amount.

**42.** In accordance with 17 U.S.C. Section 504, as a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff is also entitled to recover all profits earned by Defendants, and each of them, which are attributable to the infringement of the copyright of the music, which profits Plaintiff expects to be in excess of Twenty Million Dollars ($20,000,000.00).

**43.** As a further direct and proximate result of the foregoing copyright infringement by Defendants, and each of them, Plaintiff has been compelled to retain the services of an attorney in order to prosecute his rights under the Copyright Act. As a result, Plaintiff has incurred and will continue to incur substantial attorneys' fees. In accordance with 17 U.S.C. Section 505, Plaintiff is entitled to an award of its reasonable attorneys' fees.

**44.** In accordance with 17 U.S.C. Section 504(c)(2), as a further direct and proximate result of Defendants' willful acts of copyright infringement under 17 U.S.C. §106, Plaintiff is alternatively entitled to an award of the maximum statutory damages under that Section, in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) for each act of infringement.

## SECOND CLAIM FOR RELIEF

### (For Breach of Oral Contract Against All Defendants)

**45.** Plaintiff adopts, realleges, and by this reference incorporates, Paragraphs 1 through 33, inclusive, hereinabove.

**46.** In or about 2019, Plaintiff and Defendants, and each of them, entered into an oral agreement (hereinafter the "Agreement"), whereby Plaintiff agreed to create and perform talk box vocals for Lipa's track, entitled "Levitating," using the ElectroSpit Talk Box.

**47.** In exchange for the foregoing, Defendants, and each of them, were to pay Plaintiff the sum of $1,500, plus a share of neighboring rights to the track based on a split between 7 musicians (including Plaintiff), as well provide a credit to Plaintiff for his work on the track. Additionally, and most importantly, it was explicitly agreed that there would be no reuse or sampling of Plaintiff's Work beyond the use for the original version of the track, "Levitating."

**48.** Plaintiff has performed all of the covenants, conditions, and obligations that were required on his part to be performed under the Agreement, except insofar as such performance was waived, prevented, or excused by the acts or omissions of Defendants, or any of them.

**49.** Defendants, and each of them, have breached the express and/or implied terms of the aforementioned Agreement by, among other things: (a) Reusing and/or sampling and incorporating Plaintiff's Work in multiple derivative works, including at least two remixes of "Levitating," without Plaintiff's approval and/or authorization, and/or without any compensation or credit; (b) By including multiple additional musicians in the original version of "Levitating," significantly reducing Plaintiff's neighboring rights royalties.

**50.** In addition, Plaintiff is informed and believe and, based upon such information and belief, allege that Defendants, and each of them, have materially breached the express terms of the Agreement, as well as the implied covenant of good faith and fair dealing, by other acts or omissions.

Plaintiff will seek leave of Court to amend this Complaint at such time as Plaintiff discovers the other acts or omissions of Defendants, or any of them, constituting such a breach.

**51.** As a direct and proximate result of the aforementioned breaches by Defendants, and each of them, as alleged herein, Plaintiff has been damaged in an amount that has yet to be ascertained, including consequential and incidental damages, which amount is at least $2 Million, together with interest thereon at the legal rate of ten percent (10%) per annum. When Plaintiff ascertains the exact amount of said damages, he will seek leave of Court to amend this Complaint to set forth said amount.

### THIRD CLAIM FOR RELIEF

(For Declaratory Relief - Against All Defendants)

**52.** Plaintiff adopts, realleges, and by this reference incorporates, Paragraphs 1 through 33, inclusive, and 46 through 50, inclusive, hereinabove.

**53.** An actual controversy has arisen between Plaintiff and Defendants, and each of them, in that Defendants contend, and Plaintiff denies, that Defendants own all rights, title, and interest in and to the copyrights of Plaintiff's Work, and otherwise have the legal right to exploit the same.

**54.** Plaintiff desires a judicial determination that: (a) Plaintiff own all rights, title, and interest in and to the copyright to Plaintiff's Work; (b) Those rights were never sold, assigned, or otherwise transferred to Defendants, or any of them; (c) Defendants have no present or future rights to sell, distribute, or otherwise exploit Plaintiff's Work, or any portions or derivative works thereof; (d) Defendants have no present or future rights to license, distribute, sell copies of, or otherwise exploit Plaintiff's Work, or any portions or derivative works thereof; (e) The Blessed Madonna Remix, the DaBaby Remix, and Remix 3 are derivative works of Plaintiff's Work; and (f) Plaintiff owns and/or co-owns all rights, title, and interest in and to the copyright to the Blessed Madonna Remix, the DaBaby Remix, and Remix 3.

### FOURTH CLAIM FOR RELIEF

(For Temporary, Preliminary, and Permanent Injunction -- Against All Defendants)

**55.** Plaintiff adopts, realleges, and by this reference incorporates, Paragraphs 1 through 33, inclusive, hereinabove.

**56.** The wrongful acts and conduct of Defendants, and each of them, constitute a serious and substantial violation of Plaintiff's rights under the laws of the United States.

**57.** Plaintiff is informed and believes and, based upon such information and belief, alleges that Defendants' conduct, including, but not limited to, the foregoing, has caused and will cause irreparable injury to Plaintiff, which injury will continue as long as Defendants continue to exploit "Levitating," and otherwise infringe Plaintiff's copyrights. Such injury will be severe, substantial, and continuing, and cannot be reasonably or adequately measured or compensated for by money damages alone.

**58.** Unless Defendants, and each of them, are preliminarily and permanently enjoined from any further exploitation of the Blessed Madonna Remix, the DaBaby Remix, and Remix 3 of "Levitating," and any other use of Plaintiff's copyrights, Plaintiff will be irreparably and permanently injured.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

### AS TO ALL CLAIMS FOR RELIEF

**1.** For costs of suit herein incurred; and

**2.** For such other and further relief as the Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

**a.** For declaratory relief to the extent permitted by law;

**b.** For injunctive relief to the extent permitted by law;

**c.** For pre-judgment interests on all damages and/or profits awarded by this Court;

**d.** For general damages to the extent permitted by law;

**e.** For punitive damages to the extent permitted by law;

**f.** For reasonable attorney's fees and cost of suit to the extent permitted by law; and

g.  An award of such other and further relief as this Court deems proper and just.

### **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), and otherwise, Plaintiff respectfully demands a jury trial on all issues raised in this complaint.


Dated: July 30, 2023             Respectfully submitted,


*Herbert T. Patty*
The Law Office of Herbert T. Patty
Herbert T. Patty, Esq.
Attorney for Plaintiff
BOSKO KANTE
p/k/a BOSKO KANTE