DAVID A. STEINBERG (SBN 130593)
  das@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Warner Music Group Corp. and
Stephen Kozmeniuk

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BOSKO KANTE, p/k/a BOSKO KANTE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DUA LIPA, an individual; STEPHEN KOZMENIUK p/k/a KOZ, an individual; WARNER MUSIC GROUP, CORP., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-06186-HDV (PDx)<br><br>Honorable Hernán D. Vera<br><br>**DEFENDANT STEPHEN KOZMENIUK'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Mitchell
Silberberg &
Knupp LLP

15914465.1/43399-00022

1    Defendant Stephen Kozmeniuk p/k/a Koz ("Kozmeniuk"), by his

2    undersigned counsel, answers the complaint dated July 31, 2023 (the "Complaint")

3    (Doc. No. 1) of plaintiff Bosko Kante p/k/a Bosko Kante ("Plaintiff") as follows:

4    **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF PARTIES**

5                              **[*sic*]**[1]

6    1.    Kozmeniuk lacks knowledge or information sufficient to form a belief

7    as to the truth of the allegations set forth in Paragraph 1 of the Complaint, and on

8    that basis, denies said allegations.

9    2.    Kozmeniuk lacks knowledge or information sufficient to form a belief

10   as to the truth of the allegations set forth in Paragraph 2 of the Complaint, and on

11   that basis, denies said allegations.

12   3.    Kozemniuk denies the allegations set forth in Paragraph 3 of the

13   Complaint, and on that basis, denies said allegations.

14   4.    Kozmeniuk lacks knowledge or information sufficient to form a belief

15   as to the truth of the allegations set forth in Paragraph 4 of the Complaint, and on

16   that basis, denies said allegations.

17   5.    Paragraph 5 of the Complaint asserts a legal conclusion to which no

18   response is required.  To the extent a response is required, Kozmeniuk lacks

19   knowledge or information sufficient to form a belief as to the truth of the

20   allegations set forth in Paragraph 5 of the Complaint, and on that basis, denies said

21   allegations.

22   6.    Paragraph 6 of the Complaint asserts a legal conclusion to which no

23   response is required.  To the extent a response is required, Kozmeniuk lacks

24   knowledge or information sufficient to form a belief as to the truth of the

25   allegations set forth in Paragraph 6 of the Complaint, and on that basis, denies said

26   allegations.

27   _____

[1] The headings used in the Complaint are included herein for ease of reference only.  To the extent such headings constitute allegations to which a response is required, such allegations are denied.

28

Mitchell
Silberberg &
Knupp LLP

**ANSWER AND AFFIRMATIVE DEFENSES**

7.      Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint, and on that basis, denies said allegations.

8.      Paragraph 8 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## JURISDICTION AND VENUE

9.      Paragraph 9 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

10.      Paragraph 10 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

11.      Paragraph 11 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## FACTUAL ALLEGATIONS

12.      Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint, and on that basis, denies said allegations.

13.      Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint, and on that basis, denies said allegations.

14.      Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint, and on that basis, denies said allegations.

15.      Kozmeniuk admits that he contacted Plaintiff in 2019 regarding potentially contributing material to be considered for possible use in connection

with a musical recording titled "Levitating," states that the communications between Kozmeniuk and Plaintiff speak for themselves, and otherwise denies the allegations set forth in Paragraph 15 of the Complaint.

16.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint, and on that basis, denies said allegations.

17.     Kozmeniuk denies the allegations set forth in Paragraph 17 of the Complaint.

18.     Kozmeniuk denies the allegations set forth in Paragraph 18 of the Complaint.

19.     Kozmeniuk admits that Plaintiff agreed that Plaintiff's purported contributions could be used in connection with the musical recording titled "Levitating," and otherwise denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, and on that basis, denies said allegations.

21.     Kozmeniuk denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, and on that basis, denies said allegations.

23.     Kozmeniuk denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint, and on that basis, denies said allegations.

25.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint, and on that basis, denies said allegations.

26.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint, and on that basis, denies said allegations.

27.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint, and on that basis, denies said allegations.

28.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Complaint, and on that basis, denies said allegations.

29.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint, and on that basis, denies said allegations.

30.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint, and on that basis, denies said allegations.

31.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint, and on that basis, denies said allegations.

32.     Kozmeniuk denies the allegations set forth in Paragraph 32 of the Complaint.

33.     Kozmeniuk denies the allegations set forth in Paragraph 33 of the Complaint.

/ / /

/ / /

/ / /

Mitchell Silberberg & Knupp LLP

15914465.1/43399-00022

**FIRST CLAIM FOR RELIEF**

(For Copyright Infringement of Composition – Against All Defendants)

34.     Kozmeniuk adopts and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint.

35.     Paragraph 35 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint, and on that basis, denies said allegations.  Kozmeniuk further avers that the contents of Exhibit A to the Complaint speak for themselves, and that Kozmeniuk otherwise lacks knowledge or information sufficient to form a belief as to the truth of the contents of Exhibit A to the Complaint, and on that basis, denies any allegations arising therefrom.

36.     Paragraph 36 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint, and on that basis, denies said allegations.  Kozmeniuk further avers that the contents of Exhibit B to the Complaint speak for themselves, and that Kozmeniuk otherwise lacks knowledge or information sufficient to form a belief as to the truth of the contents of Exhibit B to the Complaint, and on that basis, denies any allegations arising therefrom.

37.     Kozmeniuk denies the allegations set forth in Paragraph 37 of the Complaint.

38.     Kozmeniuk denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Paragraph 39 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

40.     Paragraph 40 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

41.     Paragraph 41 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

42.     Paragraph 42 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

43.     Paragraph 43 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

44.     Paragraph 44 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## SECOND CLAIM FOR RELIEF

(For Breach of Oral Contract Against All Defendants)

45.     Kozmeniuk adopts and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint.

46.     Kozmeniuk denies the allegations of Paragraph 46 of the Complaint.

47.     Kozmeniuk denies the allegations of Paragraph 47 of the Complaint.

48.     Kozmeniuk lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Complaint, and on that basis, denies said allegations.

49.     Kozmeniuk denies the allegations set forth in Paragraph 49 of the Complaint.

/ / /

/ / /

50.     Paragraph 50 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

51.     Paragraph 51 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## THIRD CLAIM FOR RELIEF

(For Declaratory Relief – Against All Defendants)

52.     Kozmeniuk adopts and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 33 and Paragraphs 46 through 50 of the Complaint.

53.     Paragraph 53 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

54.     Paragraph 54 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## FOURTH CLAIM FOR RELIEF

(For Temporary, Preliminary, and Permanent Injunction – Against All Defendants)

55.     Kozmeniuk adopts and incorporates by reference herein its responses to the allegations set forth in Paragraphs 1 through 33 of the Complaint.

56.     Paragraph 56 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

57.     Paragraph 57 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

Mitchell
Silberberg &
Knupp LLP

15914465.1/43399-00022

8

58.     Paragraph 58 of the Complaint asserts a legal conclusion to which no response is required.  To the extent a response is required, Kozmeniuk denies said allegations.

## PRAYER FOR RELIEF

Kozmeniuk denies that Plaintiff is entitled to the relief requested in the Complaint or to any other relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Kozmeniuk has any burden of proof, Kozmeniuk asserts the following affirmative and other defenses.  Kozmeniuk does not presently know all of the facts and circumstances with respect to Plaintiff's allegations, and thereby reserves the right to amend this answer should it later discover facts demonstrating the existence of additional defenses.

## FIRST DEFENSE

(Insufficient Service of Process)

The Complaint should be dismissed as against Kozmeniuk based on improper service of process.

## SECOND DEFENSE

(Lack of Personal Jurisdiction)

The Complaint should be dismissed as against Kozmeniuk because this Court lacks personal jurisdiction over Kozmeniuk.

## THIRD DEFENSE

(Improper Venue)

This action should be dismissed as being filed in the improper venue.

//

//

Mitchell
Silberberg &
Knupp LLP

15914465.1/43399-00022

9

**ANSWER AND AFFIRMATIVE DEFENSES**

**FOURTH DEFENSE**

(Failure to State a Claim)

The Complaint and any purported claims for relief therein fail to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

(Lack of Volitional Conduct)

Plaintiff's copyright infringement claim is barred for failure to show volitional conduct by Kozmeniuk that would implicate any rights under 17 U.S.C. § 106.

**SIXTH DEFENSE**

(Good Faith/Innocent Infringement)

The Complaint and any purported claims for relief therein are barred in whole or in part because, to the extent it acted at all, Kozmeniuk acted in good faith and had no reason to believe that any alleged acts constituted infringement. To the extent Plaintiff's claims are not entirely barred by Kozmeniuk's good faith, any damages, which Kozmeniuk expressly denies, are limited by Kozmeniuk's innocent intent.

**SEVENTH DEFENSE**

(Lack of Originality/Protectability)

The material that Plaintiff alleges has been infringed, and each element thereof, is not original and/or does not constitute protectable and copyrightable subject matter.

**EIGHTH DEFENSE**

(Lack of Registration)

The Complaint and any purported claims for relief therein are barred to the extent they are based on the alleged infringement of material that is not subject to a valid and enforceable copyright registration.

**NINTH DEFENSE**

(Fraud on the Copyright Office)

The Complaint and any purported claims for relief therein are barred to the extent that Plaintiff knowingly included material inaccuracies on the application for the relevant copyright registrations, such that the registrations are invalid pursuant to 17 U.S.C. § 411(b).

**TENTH DEFENSE**

(Copyright Misuse)

The Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of copyright misuse.

**ELEVENTH DEFENSE**

(Failure to Timely Register)

Plaintiff's claims for statutory damages and/or attorneys' fees are barred by 17 U.S.C. § 412 for failure to timely register the claimed works.

**TWELFTH DEFENSE**

(Waiver)

The Complaint and any claims therein are barred, precluded, and/or limited by the doctrine of waiver.

**THIRTEENTH DEFENSE**

(Estoppel)

The Complaint and any claims therein are barred, precluded, and/or limited by the doctrine of estoppel.

**FOURTEENTH DEFENSE**

(Acquiescence/Consent)

The Complaint and any claims therein are barred, precluded, and/or limited by the doctrines of acquiescence and consent.

//

//

## FIFTEENTH DEFENSE

### (License)

The Complaint and any claims therein are barred, precluded, and/or limited by the doctrines of express and/or implied license.

## SIXTEENTH DEFENSE

### (Fair Use)

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited to the extent any alleged use of Plaintiff's allegedly copyrightable material constitutes fair use.

## SEVENTEENTH DEFENSE

### (*De Minimis* Use)

The Complaint and any purported claims for relief therein are barred, precluded, and/or limited to the extent the alleged use of any of the material at issue constitutes *de minimis* use.

## EIGHTEENTH DEFENSE

### (Failure to Mitigate)

Plaintiff did not incur any damages.  To the extent Plaintiff did incur any damages, which Kozmeniuk expressly denies, Plaintiff failed to mitigate his damages.

## NINETEENTH DEFENSE

### (Unclean Hands)

Plaintiff has not come to the Court with clean hands, and thus, the Complaint and any purported claims for relief therein are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTIETH DEFENSE

### (Adequate Remedy at Law)

Plaintiff's requests for injunctive relief are barred because Plaintiff has an adequate remedy at law.

Mitchell
Silberberg &
Knupp LLP

15914465.1/43399-00022

12

**ANSWER AND AFFIRMATIVE DEFENSES**

1

## TWENTY-FIRST DEFENSE

2

(Laches)

3

Plaintiff's requests for injunctive relief are barred by the doctrine of laches.

4

## TWENTY-SECOND DEFENSE

5

(Statute of Limitations)

6

The Complaint and any purported claims for relief therein are barred,

7

precluded, and/or limited by the applicable statute of limitations.

8

## TWENTY-THIRD DEFENSE

9

(Lack of Subject Matter Jurisdiction)

10

The Complaint and any purported claims for relief therein fail because

11

Plaintiff does not allege any case or controversy.

12

13

Kozmeniuk reserves the right to assert any other such affirmative defenses in

14

the event that further investigation and discovery indicates that they are proper.

15

16

WHEREFORE, Kozmeniuk respectfully submits that the Complaint should

17

be dismissed with prejudice and judgment entered in its favor, and that Kozmeniuk

18

be awarded its reasonable attorneys' fees and costs incurred in the defense of this

19

action pursuant to 17 U.S.C. § 505.

20

21

DATED: October 23, 2023          MITCHELL SILBERBERG & KNUPP LLP

22

23

By:   /s/ David A. Steinberg
David A. Steinberg

24

Bradley J. Mullins
Attorneys for Defendant Warner Music

25

Group Corp. and Stephen Kozmeniuk

26

27

28

1
## DEMAND FOR JURY TRIAL

2    Kozmeniuk demands a trial by jury of all of Plaintiff's claims that are so

3  triable.

4

5  DATED: October 23, 2023          MITCHELL SILBERBERG & KNUPP LLP

6

7                                   By:  /s/ David A. Steinberg
                                        David A. Steinberg
8                                       Bradley J. Mullins
                                        Attorneys for Defendant Warner Music
9                                       Group Corp. and Stephen Kozmeniuk

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

15914465.1/43399-00022

**ANSWER AND AFFIRMATIVE DEFENSES**