1  DAVID A. STEINBERG (SBN 130593)
      das@msk.com
2  BRADLEY J. MULLINS (SBN 274219)
      bym@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  Attorneys for Defendants Dua Lipa, Stephan
   Kozmeniuk, and Warner Records Inc.
7

8              UNITED STATES DISTRICT COURT

9      CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

10

11  BOSKO KANTE, p/k/a BOSKO          CASE NO. 2:23-cv-06186-HDV (PDx)
    KANTE, an individual,
12                                    Honorable Hernán D. Vera
              Plaintiff,
13                                    NOTICE OF MOTION AND
         v.                           MOTION TO DISMISS THIRD
14                                    AMENDED COMPLAINT;
    DUA LIPA, an individual; STEPHEN  MEMORANDUM OF POINTS AND
15  KOZMENIUK p/k/a KOZ, an           AUTHORITIES IN SUPPORT
    individual; WARNER RECORDS        THEREOF
16  INC.; and DOES 1 through 10,
    inclusive,                        Date:        July 11, 2024
17                                    Time:        10:00 a.m.
              Defendants.             Courtroom:   5B First Street Courthouse
18
                                      *[[Proposed] Order Submitted
19                                    Concurrently Herewith]*

20

21

22

23

24

25

26

27

Mitchell
Silberberg &
Knupp LLP
       28

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**

# NOTICE OF MOTIONS AND MOTIONS

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on July 11, 2024, in the courtroom of the Honorable Hernán D. Vera of the United States District Court for the Central District of California, 350 West First Street, Courtroom 5B, Los Angeles, California 90012, at 10:00 a.m., or as soon thereafter as the matter may be heard, Defendants Dua Lipa ("Lipa"), Stephen Kozmeniuk ("Kozmeniuk"), and Warner Records Inc. ("Warner") (collectively, "Defendants") will, and hereby do, move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6), for an order dismissing the first and third causes of action in the Third Amended Complaint filed by Plaintiff Bosko Kante p/k/a Bosko Kante ("Plaintiff"), with prejudice.

Defendants' Motion is made on the following grounds:

First, Plaintiff's first cause of action for copyright infringement claim fails because Plaintiff fails to allege sufficient facts to identify what protectable material of Plaintiff's alleged sound recording was allegedly used without authorization in each of the three remixes of the song "Levitating" (the "Levitating Remixes"). Plaintiff also cannot salvage his copyright infringement claim by relying on his composition copyright, as Plaintiff's registration for that copyright indicates that two of the defendants in this lawsuit, Lipa and Kozmeniuk, are co-authors of that composition.

Second, Plaintiff's third cause of action for an accounting is preempted by the Copyright Act, and is not a standalone cause of action, in any event.

In light of the multiple attempts Plaintiff has had to plead valid claims, each of these causes of action should be dismissed with prejudice. Further, given that the only remaining claim in this lawsuit will be for breach of contract, the remaining action should be remanded to state court.

This Motion will be based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the pleadings and orders in the Court's

1   files for this case, any matters on which the Court may or must take judicial notice,

2   any reply that is filed in support of this Motion, any argument presented at the

3   hearing on this Motion, and any other matters the Court deems proper.

4        This Motion is made following a conference of counsel, held pursuant to

5   Local Rule 7-3, which took place on April 29, 2024.

6

7   DATED: MAY 3, 2024           MITCHELL SILBERBERG & KNUPP LLP

8

9                         By:  /s/ Bradley J. Mullins

10                            David A. Steinberg
                         Bradley J. Mullins

11                            Attorneys for Defendants Dua Lipa,
                         Stephan Kozmeniuk, and Warner
                         Records Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

I.    INTRODUCTION ........................................................................9

4

II.   FACTUAL BACKGROUND ......................................................11

5

III.  PROCEDURAL HISTORY ........................................................12

6

7

IV.   ARGUMENT ............................................................................13

8

    A.   Legal Standard On A Motion To Dismiss .........................................13

9

    B.   The Complaint Fails To State A Claim For Copyright
        Infringement ...............................................................14

10

11

        1.   The Complaint Fails To Adequately Allege Substantial
            Similarity ...............................................................15

12

13

        2.   Plaintiff Cannot Properly Premise An Infringement Claim
            On The Levitating Composition ...............................19

14

15

    C.   Plaintiff's Purported Claim For An Accounting Must Be
        Dismissed ...............................................................20

16

17

        1.   Plaintiff's Accounting Claim Is Preempted By The
            Copyright Act ...............................................................21

18

19

        2.   Plaintiff's Demand For An Accounting Is A Remedy, Not A
            Cause Of Action ...............................................................23

20

21

    D.   Plaintiff Should Be Denied Further Leave To Amend, And This
        Action Should Be Remanded ...............................................24

22

V.    CONCLUSION ...............................................................25

23

24

25

26

27

28

Mitchell
Silberberg &
Knupp LLP

16471338.7/43399-00022

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

### CASES

4

*Adams v. Johnson*,

5

    355 F.3d 1179 (9th Cir. 2004) ............................................................................... 15

6

*Ashcroft v. Iqbal*,

7

    556 U.S. 662 (2009) ................................................................................... 13, 14

8

*Ashton v. JPMorgan Chase Bank NA*,

    2011 WL 4352526 (C.D. Cal. Sept. 19, 2011) ................................................... 25

9

*Basile v. Sony Pictures Entm't, Inc.*,

10

    2014 WL 12521344 (C.D. Cal. Aug. 1, 2014), *aff'd*, 678 F. App'x 473

11

    (9th Cir. 2017) .................................................................................................... 16

12

*Bell Atl. Corp. v. Twombly*,

13

    550 U.S. 544 (2007) ................................................................................... 13, 14

14

*Clanton v. UMG Recordings, Inc.*,

15

    556 F. Supp. 3d 322 (S.D.N.Y. 2021) ................................................................. 19

16

*Dennis v. Nike, Inc.*,

17

    2022 WL 18397390 (C.D. Cal. Nov. 18, 2022) .................................................. 18

18

*Dennis v. Nike, Inc.*,

19

    2023 WL 2356719 (C.D. Cal. Feb. 13, 2023) ..................................................... 23

*EduMoz, LLC v. Republic of Mozambique*,

20

    2015 WL 13697385 (C.D. Cal. Apr. 20, 2015) ................................................... 24

21

*Evans v. McCoy-Harris*,

22

    2019 WL 1002512 (C.D. Cal. Jan. 4, 2019) ................................................. 17, 18

23

*Fuzzy Logic Prods., Inc. v. Trapflix, LLC*,

24

    2015 WL 12791508 (C.D. Cal. Nov. 20, 2015) .................................................. 19

25

*Gray v. Hudson*,

26

    28 F.4th 87 (9th Cir. 2022) ................................................................................. 15

27

*Hayes v. Minaj*,

28

    2012 WL 12887393 (C.D. Cal. Dec. 18, 2012) .................................................. 17

Mitchell
Silberberg &
Knupp LLP

16471338.7/43399-00022

1

**TABLE OF AUTHORITIES**
(continued)

2

3

**Page(s)**

4

*Hubbard v. Genuine Parts Co.*,
  2003 WL 24219646 (S.D. Cal. May 1, 2003) .................................................... 24

5

6

*Johnson v. Maraj*,
  2023 WL 8883316 (C.D. Cal. Dec. 15, 2023) ............................................ 18, 19

7

8

*Laws v. Sony Music Entm't, Inc.*,
  448 F.3d 1134 (9th Cir. 2006) ................................................................... 22

9

10

*Loomis v. Cornish*,
  836 F.3d 991 (9th Cir. 2016) ...................................................................... 15

11

12

*Maiden v. Finander*,
  2013 WL 5969840 (C.D. Cal. Nov. 6, 2013) ............................................ 14, 15

13

14

*Manlin v. Ocwen Loan Servicing, LLC*,
  2018 WL 3326656 (C.D. Cal. June 5, 2018) .............................................. 23

15

16

*Marcus v. Bank of Am., NA*,
  2019 WL 6354391 (C.D. Cal. Oct. 12, 2019), *aff'd sub nom. Marcus v.*
  *Nationstar Mortg. LLC*, 2022 WL 1486831 (9th Cir. May 11, 2022) .............. 25

17

18

*Martinez v. McGraw*,
  2010 WL 1493846 (M.D. Tenn. Apr. 14, 2010) ........................................ 20

19

20

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008) .................................................................... 14

21

22

*Morrill v. Smashing Pumpkins*,
  157 F. Supp. 2d 1120 (C.D. Cal. 2001) .................................................... 21

23

24

*Motown Rec. Corp. v. George A. Hormel & Co.*,
  657 F. Supp. 1236 (C.D. Cal. 1987) ......................................................... 22

25

*Musero v. Mosaic Media Grp., Inc.*,
  2010 WL 11595453 (C.D. Cal. Aug. 9, 2010) .......................................... 16

26

27

*Newton v. Diamond*,
  204 F. Supp. 2d 1244 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir.
  2004) ............................................................................................................ 12

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Newton v. Diamond*,
   388 F.3d 1189 (9th Cir. 2004) ........................................................... 15

*Nguyen v. Bank of Am., NA*,
   563 F. App'x 558 (9th Cir. 2014) ...................................................... 20

*Oddo v. Ries*,
   743 F.2d 630 (9th Cir. 1984) ....................................................... 20, 21

*Oracle Am., Inc. v. Terix Computer Co., Inc.*,
   2015 WL 2090191 (N.D. Cal. May 5, 2015) ..................................... 16

*Payne v. Manilow*,
   2018 WL 6321638 (C.D. Cal. Oct. 29, 2018) ................................... 18

*PetConnect Rescue, Inc. v. Salinas*,
   656 F. Supp. 3d 1131 (S.D. Cal. 2023) ............................................ 24

*Rockridge Tr. v. Wells Fargo, N.A.*,
   985 F. Supp. 2d 1110 (N.D. Cal. 2013) ............................................ 25

*Ryoo Dental, Inc. v. Han*,
   2015 WL 4208580 (C.D. Cal. July 9, 2015) ..................................... 23

*Salameh v. Tarsadia Hotel*,
   726 F.3d 1124 (9th Cir. 2013) ......................................................... 25

*Saridakis v. JPMorgan Chase Bank*,
   2015 WL 570116 (C.D. Cal. Feb. 11, 2015) ..................................... 24

*Shaheed-Edwards v. Syco Entm't, Inc.*,
   2017 WL 6403091 (C.D. Cal. Dec. 14, 2017) ................................... 17

*Skidmore v. Led Zeppelin*,
   952 F.3d 1051 (9th Cir. 2020) ..................................................... 15, 16

*Synopsys, Inc. v. ATopTech, Inc.*,
   2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ................................... 18

*Tangle Inc. v. Aritzia, Inc.*,
   2023 WL 6883369 (N.D. Cal. Oct. 18, 2023) ................................... 19

Mitchell
Silberberg &
Knupp LLP

16471338.7/43399-00022

7

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Transamerica Life Ins. Co. v. Richards*,
   2023 WL 8251592 (C.D. Cal. Sept. 28, 2023) (Vera, J.)...................................25

*Woodall v. Walt Disney Co.*,
   2021 WL 2982305 (C.D. Cal. Apr. 14, 2021).........................................23

*Woodland v. Hill*,
   No. 2022 WL 19250191 (C.D. Cal. Dec. 8, 2022).............................................22

*YellowCake, Inc. v. DashGo, Inc.*,
   2022 WL 172934 (E.D. Cal. Jan. 19, 2022).........................................23

*Young Money Entm't, LLC v. Digerati Holdings, LLC*,
   N2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) ...............................23

## STATUTES

17 U.S.C.
   § 102 ...........................................................22
   § 103 ...........................................................22
   § 106 ...................................................21, 22
   § 107(a)(2) ................................................22
   § 107(a)(7) ................................................22
   § 301 ...........................................................23
   § 301(a) .......................................................21

Cal. Code Civ. Proc.
   § 872.140 ..............................................22, 24

## OTHER AUTHORITIES

Fed. R. Civ. P.
   12(b)(6) ....................................................9, 13

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Warner Records Inc. ("Warner"), Dua Lipa ("Lipa"), and Stephen Kozmeniuk ("Kozmeniuk") (collectively, "Defendants") hereby move for an order dismissing the first and third causes of action in the Third Amended Complaint ("TAC" or "Complaint") filed by Plaintiff Bosko Kante p/k/a Bosko Kante ("Plaintiff"), with prejudice.

## I.    INTRODUCTION

Despite having had *four* opportunities to plead viable claims, Plaintiff's *Third* Amended Complaint continues to be subject to substantial deficiencies.  At this point, given Plaintiff's repeated failures to cure his pleading defects, his Complaint should be dismissed with prejudice.  As discussed below, this case centers on a contract dispute, and notably, Plaintiff at best pleads only a vague assertion of the terms and breach thereof.  Therefore, at minimum, the inadequately pled copyright claims should be dismissed and this case should be remanded to address the core of this dispute, a purported oral agreement.

Specifically, in this case, Plaintiff pleads that he entered into an oral contract with certain of the defendants in or about 2019 whereby Plaintiff agreed to create and perform "talk box" vocals ("Plaintiff's Work") specifically for inclusion in the musical work entitled "Levitating," released in 2020 on Lipa's album entitled *Future Nostalgia*.  Plaintiff thus concedes that he authorized the use of Plaintiff's Work in the original recording of "Levitating."  However, Plaintiff further alleges, albeit only vaguely and without identifying any defendant, that it "was explicitly agreed" that his performance could only be used in the original recording of "Levitating" and not any remixes (Defendants obviously dispute that assertion).  Thus, the core of Plaintiff's Complaint is that the purported oral agreement was breached by including Plaintiff's Work into three different remixes of "Levitating" (collectively, the "Levitating Remixes").

In addition to his vague breach of contract claim, Plaintiff has pled copyright infringement claims that are wholly deficient. Despite repeated requests by Defendants for identification of the alleged infringement, Plaintiff continues to be unable to allege a single fact that identifies what protectable material was improperly included in the Levitating Remixes, much less how that protectable material differs from what Plaintiff admittedly authorized Defendants to include in the original version of "Levitating." Plaintiff merely conclusorily alleges that the Levitating Remixes "sampled," "incorporated," and "featured" Plaintiff's Work without any factual detail whatsoever. This is patently insufficient. In order to properly allege a claim for copyright infringement, Plaintiff was required to allege facts that demonstrate any substantial similarities in original, protectable elements between Plaintiff's Work and the Levitating Remixes. Having failed to do so after four pleading attempts, the claim should be dismissed with prejudice. Furthermore, to the extent Plaintiff's vaguely stated claim of infringement extends to the musical composition of "Levitating," as opposed to the sound recording, such claim is precluded by the copyright registration attached to Plaintiff's TAC because Lipa and Kozmeniuk are stated co-authors, and infringement claims cannot be posed against co-authors. (Defendants dispute that Plaintiff is a co-author, but his assertion of co-authorship nonetheless precludes his claim of infringement).

What remains is Plaintiff's claim for an accounting, which is also deficient. Here, Plaintiff's accounting claim simply seeks a remedy for Defendants' alleged use of Plaintiff's property rights, *i.e.*, Plaintiff's Work. That work is clearly within the subject matter of the Copyright Act, and Plaintiff's accounting claim seeks to enforce rights equivalent to the exclusive rights identified in that Act. Even were that accounting claim not preempted (which it is), it would nonetheless fail because Plaintiff has not alleged any basis to assert a claim for an accounting as an independent cause of action. As such, it should be dismissed.

1    For these reasons, and as discussed further below, the first and third causes

2    of action in the TAC should be dismissed.

3    **II.    FACTUAL BACKGROUND[1]**

4    Plaintiff alleges that in or about 2019, Plaintiff and "Defendants" – never

5    specifying which Defendant(s) – entered into an oral agreement whereby Plaintiff

6    agreed to create and perform "talk box" vocals using the ElectroSpit Talk Box[2] to

7    be included in the musical work entitled "Levitating," released on Lipa's album

8    entitled *Future Nostalgia*.  TAC, ¶¶ 15-16, 19.  Plaintiff alleges that he created

9    original melodies and lyrics, defined in the Complaint as "Plaintiff's Work," which

10   were included in "Levitating."  *Id.*, ¶ 16.

11   Plaintiff's allegations as to what constitutes "Plaintiff's Work" are, at best,

12   unclear.  The TAC defines Plaintiff's Work as "his performance on the ElectroSpit

13   Talk Box, which included, among other things, original melodies and lyrics," but

14   without citation to any copyright registration covering such material.  *Id.*, ¶ 16.

15   Nor does Plaintiff identify what "melodies" or "lyrics" were included as part of

16   that performance.  However, Plaintiff also attaches two copyright registrations to

17   the TAC (Ex. A & B).  The first purports to be a copyright registration for the

18   musical composition[3] entitled "Levitating," which lists Plaintiff, Lipa, Kozmeniuk

---

[1] Any facts and/or allegations set forth herein taken from the TAC are presumed to be true solely for purposes of this Motion.

[2] Plaintiff alleges that a talk box allows musicians to modify the sound of a musical instrument by shaping the frequency of the sound and to apply speech sounds (in the same way as singing) onto the sounds of the instrument, and to control the modification of the instrument's sounds by changing the shape of the mouth, and vocalizing the instrument's output with a microphone.  TAC, ¶ 13.  Plaintiff further alleges that he invented the ElectroSpit Talk Box, which is a neck-worn electronic system that is much easier to use and carry than the original talk boxes.  *Id.*, ¶ 14.

[3] There are two types of musical works: sound recordings and their underlying musical compositions.  Each are separate works with their own distinct copyrights.  A musical composition consists of rhythm, harmony, melody, and structure captured in written form.  *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1249 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004).  A musical composition copyright protects the sound that would necessarily result from any performance of the piece.  *Id.*  A sound recording, on the other hand, is the sound produced by a performer's rendition of a musical composition.  *Id.*

and two others as the co-authors and co-owners (the "Levitating Composition").[4]
TAC, Ex. A.  The second purports to be a copyright registration for a sound recording of Plaintiff's alleged talk box performance which lists Plaintiff as the sole author and copyright owner (the "Talk Box Recording").  *Id.*, Ex. B.  While Plaintiff's TAC refers to both the composition and the sound recording, it appears that Plaintiff is primarily alleging infringement of the sound recording, *i.e.*, the Talk Box Recording.  *See*, *e.g.*, *id.*, ¶ 39 (alleging that the Levitating Remixes "each constitute separate infringements of Plaintiff's rights in and to the federally-registered sound recording of Plaintiff's Work").

Plaintiff further alleges that it was agreed that Plaintiff's Work could be used only in the original recording of "Levitating," and "that there would be no sampling or reuse of Plaintiff's performance by Defendants."  TAC, ¶ 17.  Plaintiff alleges Defendants Warner and Kozmeniuk breached this oral agreement and infringed his copyright interests in Plaintiff's Work by "incorporat[ing] a sample of Plaintiff's Work" into the Levitating Remixes: (i) a remix of "Levitating" by the Blessed Madonna, featuring Madonna and Missy Elliott (the "Blessed Madonna Remix"), (ii) a remix of "Levitating" featuring rapper DaBaby (the "DaBaby Remix"), and (iii) a remix for the American Music Awards in November 2022 (the "AMA Remix").  *Id.*, ¶¶ 21-25.

## III.   PROCEDURAL HISTORY

Plaintiff filed his initial complaint in this action on July 31, 2023, asserting four causes of action, for (i) copyright infringement; (ii) breach of contract; (iii) declaratory relief; and (iv) a preliminary injunction.  ECF 1.  Following a meet-and-confer amongst the parties regarding Lipa's anticipated motion to dismiss the initial complaint, Plaintiff agreed to voluntarily amend the complaint.  ECF 45.  Plaintiff filed his First Amended Complaint on January 25, 2024, asserting four

---

[4] Defendants dispute that Plaintiff is, or ever was, a co-owner of the "Levitating" musical composition, and Defendants do not concede the validity of the copyright registrations attached to Plaintiff's Complaint.

causes of action, for (i) copyright infringement; (ii) breach of contract; (iii) violation of the California statutory right of publicity; and (iv) violation of the California common law right of publicity.  ECF 46.  Following a second meet-and-confer regarding a potential motion to dismiss the First Amended Complaint, the parties again stipulated to permit Plaintiff to file a Second Amended Complaint, in order to attempt to address issues raised during that meet-and-confer.  ECF 49; 51.  Plaintiff filed a Second Amended Complaint on March 8, 2024, asserting only three causes of action, for (i) copyright infringement; (ii) breach of contract; and (iii) accounting.  As Defendants believed the Second Amended Complaint was still deficient as to each cause of action, the parties stipulated to permit Plaintiff to amend one more time.  ECF 53; 54.  Plaintiff thereafter filed the TAC, asserting the same three causes of action, on April 12, 2024.

## IV.   ARGUMENT

### A.   Legal Standard On A Motion To Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint when it does not contain enough facts to state a claim for relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  While the Federal Rules of Civil Procedure do not require "detailed factual allegations," a pleading that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  "Nor does a [pleading] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678.  To the contrary, to survive a motion to dismiss, a pleading "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*; *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Ascertaining whether there is a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*, at 679.

Dismissal for failure to state a claim can be warranted based on either a lack of a cognizable legal theory or the absence of factual support for a cognizable legal theory. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). While a court must accept the plaintiff's factual allegations as true and construe them in the light most favorable to the plaintiff, "[f]or an allegation to be entitled to the assumption of truth, however, it must be well-pleaded; that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion." *Maiden v. Finander*, 2013 WL 5969840, at \*2 (C.D. Cal. Nov. 6, 2013) (citing *Iqbal*, 556 U.S. at 678-79); *see also Twombly*, 550 U.S. at 556. Therefore, "[t]he Court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Maiden*, 2013 WL 5969840, at \*2; *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

B.     **The Complaint Fails To State A Claim For Copyright Infringement**

To state a claim for copyright infringement, Plaintiff must establish two elements: (1) ownership of a valid copyright, and (2) copying of protected aspects of the work. *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020); *Loomis v. Cornish*, 836 F.3d 991, 994 (9th Cir. 2016). "The second prong of the infringement analysis contains two separate components: 'copying' and 'unlawful

appropriation.'"  *Skidmore*, 952 F.3d at 1064.  "[T]he hallmark of 'unlawful appropriation' is that the works share *substantial* similarities."  *Id.* (emphasis in original); *see also Newton v. Diamond*, 388 F.3d 1189, 1193 (9th Cir. 2004).  Crucially, because only substantial similarity in protectable expression may constitute actionable copying that results in infringement liability, "it is essential to distinguish between the protected and unprotected material in a plaintiff's work."  *Gray v. Hudson*, 28 F.4th 87, 96 (9th Cir. 2022) (quoting *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)).

Plaintiff's first cause of action for copyright infringement fails because Plaintiff has not alleged a single fact that identifies what protectable material owned by Plaintiff was allegedly copied in the Levitating Remixes, and thus fails to adequately allege substantial similarities in original, protectable expression between the Talk Box Recording and the Levitating Remixes.  Nor can Plaintiff premise any infringement claim on the Levitating Composition, because Plaintiff cannot, on the one hand, be a co-author of the Levitating Composition with Lipa and Kozmeniuk, and on the other hand, assert a claim against them (and Warner, Lipa's record label) for purported infringement of that same composition based on their alleged creation of unauthorized derivative works (*i.e.*, the Levitating Remixes).

## 1. The Complaint Fails To Adequately Allege Substantial Similarity

Plaintiff's copyright claim must also be dismissed because Plaintiff, despite four attempts to do so, has failed to adequately allege substantial similarity in protectable expression.  The Ninth Circuit applies a "two-part test to determine whether the defendant's work is substantially similar to the plaintiff's copyrighted work."  *Skidmore*, 952 F.3d at 1064.  "The first part, the extrinsic test, compares the objective similarities of specific expressive elements in the two works," while "distinguish[ing] between the protected and unprotected material in a plaintiff's

work." *Id*. "The second part, the intrinsic test, 'test[s] for similarity of expression from the standpoint of the ordinary reasonable observer, with no expert assistance.'" *Id*. At the pleading stage, only the extrinsic component is at issue. *Basile v. Sony Pictures Entm't, Inc*., 2014 WL 12521344, at *3 (C.D. Cal. Aug. 1, 2014), *aff'd*, 678 F. App'x 473 (9th Cir. 2017). Importantly, "[i]n applying the extrinsic test, it is the plaintiff's burden to identify the sources of the alleged similarity between the plaintiff's work and the allegedly infringing work." *Musero v. Mosaic Media Grp., Inc.*, 2010 WL 11595453, at *2 (C.D. Cal. Aug. 9, 2010).

To be clear, Plaintiff is ***not*** alleging that the original version of "Levitating" infringes any copyright owned by Plaintiff. Rather, Plaintiff expressly admits that he "orally agree[d] to license Plaintiff's Work for the original recording of "Levitating." TAC, ¶ 19. As "[a]nyone holding a valid license has an affirmative defense to an owner's claim for copyright infringement," Plaintiff thus cannot assert any infringement claim based on exploitation of the original sound recording of "Levitating." *Oracle Am., Inc. v. Terix Computer Co., Inc.*, 2015 WL 2090191, at *1 (N.D. Cal. May 5, 2015).

Plaintiff's TAC, however, utterly fails to identify any alleged similarities between Plaintiff's Work, whether that is defined as the Levitating Composition or the Talk Box Recording, and any of the Levitating Remixes (much less all of them). Courts consistently recognize that where a plaintiff fails to allege substantial similarity between the allegedly infringed work and the allegedly infringing work through non-conclusory facts, he or she fails to state a claim for copyright infringement. Indeed, "the extrinsic test demands more than listing elements in vague and conclusory fashion; it requires a plaintiff to 'compar[e] those elements for proof of copying.'" *Hayes v. Minaj*, 2012 WL 12887393, at *4 (C.D. Cal. Dec. 18, 2012) (granting motion to dismiss where "Plaintiff fail[ed] to compare the elements, or constellation of elements, from the two works," and thus, "the Court ha[d] no factual basis to infer that the protected elements of the songs

1   [were] substantially similar under the extrinsic test."); *Shaheed-Edwards v. Syco*
2   *Entm't, Inc*., 2017 WL 6403091, at *3 (C.D. Cal. Dec. 14, 2017) ("merely
3   conclusory" allegations of similarity between musical works "fail[] to state a claim
4   for copyright infringement"); *Evans v. McCoy-Harris*, 2019 WL 1002512, at *3
5   (C.D. Cal. Jan. 4, 2019) (dismissing copyright claim for failure to plead substantial
6   similarity).

7        Nowhere in the TAC are there any factual allegations regarding the alleged
8   similarities between original, protectable elements of Plaintiff's Work and the
9   Levitating Remixes.  The only allegations proffered are vague, boilerplate labels
10  and conclusions, *e.g.*, that Defendants "incorporated a sample of Plaintiff's Work
11  into [the Blessed Madonna Remix]" (TAC, ¶ 21) and "incorporated a sample of
12  Plaintiff's Work into [the DaBaby Remix]" (*Id.*, ¶ 23).  Plaintiff's allegations with
13  respect to the AMA Remix are even more vague, claiming only that "[a] third
14  remix was created specifically for the American Music Awards on [*sic*] November
15  2022, in which a sample of Plaintiff's Work was featured prominently."  *Id.*, ¶ 25.
16  This allegation does not even allege any conduct by Defendants, much less identify
17  the purportedly infringing "sample."

18       Plaintiff's failure to specifically allege which protectable elements of
19  Plaintiff's Work were allegedly used, or how Plaintiff's Work and each of the
20  Levitating Remixes are in any way substantially similar in protectable expression,
21  is fatal to Plaintiff's infringement claim.  *See, e.g.*, *McCoy-Harris*, 2019 WL
22  1002512, at *3 ("conclusory statement" that "Finding Boaz contains 'portions' of
23  [plaintiff's] screenplays … do[es] not satisfy *Iqbal*'s pleading standard");
24  *Synopsys, Inc. v. ATopTech, Inc*., 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24,
25  2013) (dismissing infringement claim because "Plaintiff never makes clear what
26  Defendant copied," and merely "allege[d] ... that Defendant had access to, copied,
27  and prepared derivative works based on" the copyrighted material); *Dennis v. Nike,*
28  *Inc*., 2022 WL 18397390, at *2 (C.D. Cal. Nov. 18, 2022) (dismissal appropriate

Mitchell
Silberberg &
Knupp LLP

16471338.7/43399-00022

17

1   where plaintiff "fails to identify the protectable elements of his work and to

2   'juxtapose them against those same elements in the defendant's infringing

3   work.'")  This failure is particularly notable here, as Plaintiff concedes that he

4   authorized the use of Plaintiff's Work in the original sound recording of

5   "Levitating," yet entirely fails to identify what "greater amount of Plaintiff's

6   Work" was allegedly utilized in each of the Levitating Remixes.  TAC, ¶ 26.

7        With yet a third opportunity to amend his complaint, the TAC offers a

8   cursory, non-substantive revision.  In his most recent amendment, Plaintiff

9   alternates between claiming that a "portion" of Plaintiff's Work was used by

10  Defendants and alleging that "all or at least substantially all of" Plaintiff's Work

11  was used.  *Id.*, ¶ 38.  First, the claim is conclusory, and in the face of a motion to

12  dismiss, "mere conclusory statements" do not suffice.  *Payne v. Manilow*, 2018

13  WL 6321638, at *3 (C.D. Cal. Oct. 29, 2018); *Johnson v. Maraj*, 2023 WL

14  8883316, at *3 (C.D. Cal. Dec. 15, 2023) (rejecting "conclusory allegations" in

15  copyright infringement action).  Again, Plaintiff alleges that three separate

16  Levitating Remixes infringe his copyright, yet fails to identify where ***any*** portion

17  of his sound recording was used in each separate Levitating Remix, much less

18  where "all" or "substantially all" of Plaintiff's Work was used.  This failure is

19  particularly notable here, because Plaintiff concedes that Plaintiff's Work was used

20  in the original "Levitating" ***with permission***.  TAC, ¶¶ 17, 19.  As such, it is

21  incumbent on Plaintiff to identify not only what portion of Plaintiff's Work was

22  used, and where, but also to identify how that use goes beyond the admittedly

23  authorized use in the original version of "Levitating."

24       Second, to the extent Plaintiff specifically identifies an allegedly infringed

25  aspect of Plaintiff's Work by claiming that his "*call* and *response* singing style"

26  was "mimicked" in Defendants' work, TAC, ¶ 38 (emphasis in original), that

27  allegation does not rescue the TAC.  Sound recording copyrights are narrow and

28  only cover the actual recording itself, not alleged "mimicry".  *See Maraj*, 2023 WL

8883316, at *3, n. 3 ("The rights of a copyright in a sound recording do not extend to the song itself, and vice versa.").  And even more basically, "[s]tyle, no matter how creative, is an idea, and is not protectable by copyright." *Tangle Inc. v. Aritzia, Inc.*, 2023 WL 6883369, at *3 (N.D. Cal. Oct. 18, 2023); *see also Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 330 (S.D.N.Y. 2021) (granting motion to dismiss and rejecting "vague facts that both [works at issue] use[d] call-and-response").  Stated differently, the only purported similarity actually alleged in the TAC is premised upon an ***unprotectable*** element.  That is, without question, insufficient to state a claim for copyright infringement.  *Fuzzy Logic Prods., Inc. v. Trapflix, LLC*, 2015 WL 12791508, at *4 (C.D. Cal. Nov. 20, 2015) (granting motion to dismiss because the defendant's alleged infringement of "unprotectable elements ... do not allege sufficient facts to state a plausible claim for copyright infringement").

Pleading requirements exist for a reason.  Defendants are entitled to be apprised of specific allegations of the protectable expression that is allegedly infringed by their work.  Without such a requirement, infringement claims would become moving targets, with copyright plaintiffs vaguely alleging similarities at the pleading stage with leeway to change and shift their theory as they please in discovery, and to avoid readily apparent affirmative defenses.  *See Martinez v. McGraw*, 2010 WL 1493846, at *6 (M.D. Tenn. Apr. 14, 2010) ("[W]hen a party fails to delineate the basis upon which a plaintiff claims two works are 'substantially similar,' it is 'impossible for Defendants to answer or defend against Plaintiff's claim,' and Plaintiff's claim must be dismissed.").  Plaintiff's insufficiently pled infringement claim should be dismissed.

### 2.    Plaintiff Cannot Properly Premise An Infringement Claim On The Levitating Composition

Nor can Plaintiff save his claim by referencing alleged use of the Levitating Composition.  Plaintiff attaches to the TAC a purported copyright registration

1   obtained by Plaintiff for the Levitating Composition.  TAC, ¶ 35 & Ex. A.  In that

2   registration, Plaintiff identifies both Lipa and Kozmeniuk (and others) as co-

3   authors of the Levitating Composition.  *Id.*  To be clear, Defendants do not

4   concede that Plaintiff is a co-author of the Levitating Composition.  But for

5   purposes of this Motion, Plaintiff's purported copyright registration for the

6   Levitating Composition precludes any attempt to assert an infringement claim

7   based on that composition.  *See Nguyen v. Bank of Am., NA*, 563 F. App'x 558 (9th

8   Cir. 2014) ("when an exhibit to a complaint is inconsistent with the complaint's

9   allegations, the exhibit controls.").

10   The Ninth Circuit has made clear that "[a] co-owner of a copyright cannot be

11   liable to another co-owner for infringement of the copyright" through the creation

12   of a derivative work.  *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984).

13   "Rather, each co-owner has an independent right to use or license the use of the

14   copyright."  *Id.*; *see also Morrill v. Smashing Pumpkins*, 157 F. Supp. 2d 1120,

15   1126 (C.D. Cal. 2001) ("a joint author can use or license any portion of the joint

16   work without infringing its copyright").  Under these authorities, and based on

17   Plaintiff's purported copyright registration, both Lipa and Kozmeniuk had the right

18   to create derivative works such as the Levitating Remixes (or license others, such

19   as Warner) without infringing any purported rights that Plaintiff claims to have in

20   the Levitating Composition.  Plaintiff's copyright infringement claim as it pertains

21   to the Levitating Composition must be dismissed.

22   **C.** **Plaintiff's Purported Claim For An Accounting Must Be**

23   **Dismissed**

24   Plaintiff's third cause of action purports to assert a claim for an

25   "Accounting."  TAC, ¶¶ 73-74.  The primary basis for Plaintiff's accounting claim

26   is Defendants' alleged "misappropriation and conversion of Plaintiff's property

27   rights."  *Id.*, ¶ 73.  The only "property rights" identified in the TAC, however, are

28   Plaintiff's alleged copyright interests in Plaintiff's Work.  *See generally* TAC.

1  Courts routinely recognize this type of accounting claim as preempted by the

2  Copyright Act.  More generally, courts also regularly recognize that a demand for

3  an accounting is better characterized as a remedy, rather than a cause of action.

4  For both reasons, Plaintiff's accounting claim should be dismissed.

5          **1.      Plaintiff's Accounting Claim Is Preempted By The**

6                  **Copyright Act**

7          The Copyright Act preempts rights under common law or state statutes that

8  "are equivalent to any of the exclusive rights within the general scope of copyright

9  as specified by section 106."  17 U.S.C. § 301(a).  The Ninth Circuit has adopted a

10  two-part test for copyright preemption.  First, the court "determine[s] whether the

11  'subject matter' of the state law claim falls within the subject matter of copyright

12  as described in 17 U.S.C. §§ 102 and 103."  *Laws v. Sony Music Entm't, Inc.*, 448

13  F.3d 1134, 1137 (9th Cir. 2006) (footnotes omitted).  Second, if the court

14  determines the subject matter is within copyright, then the court "determine[s]

15  whether the rights asserted under state law are equivalent to the rights contained in

16  17 U.S.C. § 106, which articulates the exclusive rights of copyright holders."  *Id.*,

17  at 1137-38.

18          The first prong of this test is clearly satisfied.  Again, the only "property"

19  identified by Plaintiff is his purported ownership of two copyrights, one in a

20  composition and one in a sound recording.  TAC, ¶¶ 35-36.  Both musical

21  compositions and sound recordings are expressly within the subject matter of

22  copyright.  *See* 17 U.S.C. § 107(a)(2) & (a)(7).

23          The second prong is also satisfied here.  As reiterated in his TAC, Plaintiff

24  alleges that he is entitled to an accounting of profits received by Defendant Warner

25  based on "the creation, marketing, sale, and other exploitations of the ***infringing***

26  ***works*** in accordance with CCP § 872.140."  TAC, ¶ 56 (emphasis added).  In other

27  words, Plaintiff's claim is expressly based on the alleged infringement of his

28  purported copyright interests, which is just the type of accounting claim that courts

Mitchell
Silberberg &
Knupp LLP

16471338.7/43399-00022

21

**NOTICE OF MOTION AND MOTION TO DISMISS THIRD AMENDED COMPLAINT**

in the Ninth Circuit routinely reject as preempted.  *See Woodland v. Hill*, No. 2022 WL 19250191, at *6 (C.D. Cal. Dec. 8, 2022) ("courts within this Circuit have dismissed unjust enrichment and accounting claims because the Copyright Act preempts them."); *Motown Rec. Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1241 (C.D. Cal. 1987) (rejecting as preempted accounting claim "rooted primarily on contentions that defendants infringed on plaintiffs' copyrighted work").

Nor can Plaintiff salvage his accounting claim by alleging that an accounting is purportedly necessary "[d]ue to the complexities involved in the commercial exploitation of the [works at issue]" or because "the information necessary to determine [the amount allegedly due to Plaintiff] is within the exclusive knowledge of [Warner]."  TAC, ¶ 57.  Courts have considered very similar allegations in the past and found them insufficient to bring an accounting claim outside the scope of preemption.  *See Ryoo Dental, Inc. v. Han*, 2015 WL 4208580, at *4 (C.D. Cal. July 9, 2015) (rejecting accounting claim as preempted despite argument that "an accounting is necessary to determine the precise amount of damages aris[ing] from [defendant's] copying."); *Young Money Entm't, LLC v. Digerati Holdings, LLC*, N2012 WL 5571209, at *9 (C.D. Cal. Nov. 15, 2012) (similar).

In short, Plaintiff's claim for an accounting premised on the allegedly unauthorized use of a copyright work is preempted by the Copyright Act, "because he seeks a remedy that falls within the subject matter of copyright and seeks to assert rights that are equivalent to rights under copyright law."  *Dennis v. Nike, Inc.*, 2023 WL 2356719, at *5 (C.D. Cal. Feb. 13, 2023) (dismissing accounting claim); *see also YellowCake, Inc. v. DashGo, Inc.*, 2022 WL 172934, at *9 (E.D. Cal. Jan. 19, 2022) ("state law actions for an accounting that are based on monies received from copyright infringement (as this claim is) are preempted by 17 U.S.C. § 301.").  As such, it should be dismissed, with prejudice.

**2.     Plaintiff's Demand For An Accounting Is A Remedy, Not A Cause Of Action**

Even were the claim not preempted (which it is), Plaintiff's accounting claim should nonetheless be dismissed.  Courts routinely dismiss such claims, "because a demand for accounting is a remedy, not an independent cause of action."[5]  *Woodall v. Walt Disney Co.*, 2021 WL 2982305, at *10 (C.D. Cal. Apr. 14, 2021); *see also PetConnect Rescue, Inc. v. Salinas*, 656 F. Supp. 3d 1131, 1148 n. 3 (S.D. Cal. 2023) ("the claim for an accounting is an equitable remedy, rather than a cause of action"); *EduMoz, LLC v. Republic of Mozambique*, 2015 WL 13697385, at *22 (C.D. Cal. Apr. 20, 2015) ("The 'right to an accounting is derivative; it must be based on other claims.'" (quoting *Janis v. California State Lottery Comm'n.*, 68 Cal.App.4th 824, 833 (1998))).  Plaintiff's claim should be dismissed here as well.

Even the California statute referenced by Plaintiff in his accounting claim—California Code of Civil Procedure section 872.140[6]—simply notes that California state superior courts are permitted to grant relief according to principles of equity, but specifically in situations involving the partition of property.  *See* Cal. Civ. Proc. Code § 872.140 ("The court may, in all cases, order allowance, accounting, contribution, or other compensatory adjustment among the parties according to the principles of equity.").  Plaintiff's reference to an inapplicable state court statute

---

[5] While some courts have upheld independent accounting claims in limited circumstances, such courts typically require that the claim be based on a relationship between the plaintiff and the defendant that reflects "some degree of confidentiality or closeness."  *Manlin v. Ocwen Loan Servicing, LLC*, 2018 WL 3326656, at *8 (C.D. Cal. June 5, 2018).  Here, Plaintiff has not alleged ***any*** relationship between himself and Warner, much less one that is "sufficiently special, confidential, or close to sustain a cause of action for an accounting." *Saridakis v. JPMorgan Chase Bank*, 2015 WL 570116, at *3 (C.D. Cal. Feb. 11, 2015) (dismissing accounting claim).

[6] Of course, as this action arises under federal question subject matter jurisdiction (TAC, ¶ 9), it is the Federal Rules of Civil Procedure that govern, not California's procedure rules.  *See Hubbard v. Genuine Parts Co.*, 2003 WL 24219646, at *2 (S.D. Cal. May 1, 2003) ("The Federal Rules of Civil Procedure govern procedural issues in federal question jurisdiction cases.").

regarding relief available in partition actions only underscores that Plaintiff's demand for accounting is better characterized as a remedy, rather than an independent cause of action.  It should be dismissed accordingly.

### D. <u>Plaintiff Should Be Denied Further Leave To Amend, And This Action Should Be Remanded</u>

Where, as here, a plaintiff has been given multiple chances to amend his complaint and fails to cure its defects, that plaintiff should be denied further leave to amend.  Through four iterations of the Complaint, Plaintiff has shown an utter inability to plead facts that meet the well-established plausibility standard – the Court should not allow a continued exercise in futility.  *See Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." (citations omitted)); *Transamerica Life Ins. Co. v. Richards*, 2023 WL 8251592, at *5, n. 1 (C.D. Cal. Sept. 28, 2023) (Vera, J.) ("Transamerica has already been afforded a full opportunity to amend its deficient claim, and the Court finds that any further amendments would be futile." (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373–74 (9th Cir. 1990)); *Marcus v. Bank of Am., NA*, 2019 WL 6354391, at *11 (C.D. Cal. Oct. 12, 2019), *aff'd sub nom. Marcus v. Nationstar Mortg. LLC*, 2022 WL 1486831 (9th Cir. May 11, 2022) (denying leave to amend where "Plaintiff is now on her fourth Complaint, and has not managed to allege sufficient facts despite multiple attempts.").

And upon dismissal of Plaintiff's copyright claims, which provide the sole alleged basis for Federal jurisdiction (TAC, ¶ 9), the Court would be authorized to remand Plaintiff's breach of contract claim to state court.  *Ashton v. JPMorgan Chase Bank NA*, 2011 WL 4352526, at *3 (C.D. Cal. Sept. 19, 2011) (declining supplemental jurisdiction over remaining state law claims and remanding remaining claims to state court).  That claim has its own pleadings deficiencies, particularly Plaintiff's failure to identify which Defendant purportedly agreed to

the alleged oral contract terms that Plaintiff is now claiming were breached.  That omission undermines Plaintiff's ability to allege mutual assent, an essential element of contract formation.  *See Rockridge Tr. v. Wells Fargo, N.A.*, 985 F. Supp. 2d 1110, 1142 (N.D. Cal. 2013) ("To allege the existence of a contract, a plaintiff must plead mutual assent, sufficiently definite contractual terms, and consideration.").  But the merits of that contractual claim (or lack thereof) should be addressed in state court.

## V.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion to dismiss the first and third causes of action in Plaintiff's TAC, with prejudice, and to remand Plaintiff's remaining claim to state court.


DATED: MAY 3, 2024               MITCHELL SILBERBERG & KNUPP LLP


By:  /s/ Bradley J. Mullins
David A. Steinberg
Bradley J. Mullins
Attorneys for Defendants Dua Lipa,
Stephan Kozmeniuk, and Warner
Records Inc.