UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BOSKO KANTE,** | Case No. 2:23-cv-06186-HDV-PD |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DKT. NO. 56]** |
| v. | |
| **DUA LIPA, et al.,** | |
| Defendant. | |

1

I.     **INTRODUCTION**

This copyright infringement action and contract dispute arises out of Defendant Dua Lipa's quadruple-platinum-certified song, "Levitating."  Plaintiff Bosko Kante alleges he was hired to create various "talk box" vocals for the original version and agreed to the use of those recordings for the original song *only*.  Kante contends that his copyrighted voice recordings were used without his authorization in three subsequent remixes created and released commercially by Defendants Dua Lipa, Stephen Kozmeniuk, and Warner Records, Inc.

Before the Court is Defendants' Motion to Dismiss (the "Motion") filed pursuant to Fed. R. Civ. P. 12(b)(6).  [Dkt No. 56].  Defendants seek dismissal of Plaintiff's claim for copyright infringement on the theory that Plaintiff has failed to specify which exact portions of his recordings were used in the remixes, and therefore failed to plead sufficiently the "substantial similarity" required under the Copyright Act.  Motion at 15.

The Court finds that Plaintiff has adequately pled a copyright infringement claim by alleging that "all or substantially all" of his copyrighted recording—*i.e.*, his *actual* voice—was used in the remixes without his permission.  That is sufficient.  There is no requirement that Plaintiff be made to identify, second-by-second, which portions were used.  The Motion to dismiss the copyright infringement claim is denied.[1]

II.    **BACKGROUND**[2]

Plaintiff Bosko Kante ("Kante") is a well-known musical producer and "talk box"[3] artist who

---

[1] Defendants also seek dismissal of the accounting cause of action on various different legal grounds. Motion at 20. As discussed below, this claim is dismissed because it is preempted by the Copyright Act.

[2] The Court accepts all of Plaintiff's allegations as true, as it must at the motion to dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] A talk box "allows musicians to modify the sound of a musical instrument by shaping the frequency content of the sound and to apply speech sounds (in the same way as singing) onto the sounds of the instrument, and to control the modification of the instrument's sounds by changing the shape of the mouth and vocalizing the instrument's output into a microphone." TAC ¶ 13.

invented the "ElectroSpit" talk box. Third Amended Complaint ("TAC") ¶¶ 12, 14 [Dkt. No. 55]. In 2019, Defendant Stephen Kozmeniuk ("Kozmeniuk") approached Plaintiff about creating a vocal performance using the talk box for inclusion in Defendant Lipa's song "Levitating." *Id.* ¶ 15. Plaintiff recorded the performance (hereinafter, the "Kante Recording"), obtained a copyright, and orally agreed to license the Kante Recording but only in the original recording of Levitating. *Id.* ¶¶ 16, 18, 19. Defendant Warner Records, Inc. ("Warner") published the original version of the song. *Id.* ¶ 4, 20. Three remixes of Levitating were subsequently released (the "Levitating Remixes"), each of which purportedly included "all or substantially all" of the Kante Recording. *Id.* ¶ 38.

Plaintiff brought the original complaint on July 31, 2023, and filed this TAC on April 12, 2024. [Dkt. Nos. 1, 55]. The TAC asserts three causes of action: (1) Copyright Infringement, (2) Breach of Contract, and (3) Accounting. TAC at 1. Defendants filed a Motion to Dismiss the First and Third Causes of Action ("Motion") on May 3, 2024. [Dkt. No. 56]. The Court heard oral argument and took the matter under submission. [Dkt No. 63].

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek to dismiss all or portions of a complaint for failure to state a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

Moreover, a properly pled complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) is proper only when a complaint exhibits either a "lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

## IV. DISCUSSION

### A. Copyright Infringement

Plaintiff alleges that all Defendants infringed on Plaintiff's copyright of his Kante Recording by creating and releasing the Levitating Remixes.[4] TAC ¶ 38–39. Defendants argue that the claim must be dismissed because the TAC does not allege sufficient facts to meet the "substantial similarity" requirements of the Copyright Act. Motion at 15.

To carry its burden of production on a copyright infringement claim, a plaintiff must sufficiently allege two things: ownership of a valid copyright in the allegedly infringed work and copying of protected aspects of that work. *Alfred v. Walt Disney Company*, 821 Fed. Appx. 727, 728 (9th Cir. 2020). The "copying" prong has two sub-prongs: copying and unlawful appropriation. *Corbello v. Valli*, 974 F.3d 965, 974 (9th Cir. 2020). Copying can be shown by direct or circumstantial evidence, while the "hallmark of unlawful appropriation" is "substantial similarity" between the Plaintiff's copyrighted work and Defendants' allegedly copied work. *Id.*; *Alfred*, 821 Fed. Appx. at 728 (citing *Skidmore v. Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc)). While the analysis for substantial similarity has an "intrinsic" test and an "extrinsic" test, only the extrinsic test is applied at the pleading stage. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018), *overruled on other grounds by Skidmore*, 952 F.3d 1051. The extrinsic test asks whether Defendants' work shares objective similarities of "specific expressive elements", filtering "protectable" elements from "unprotectable" elements. *Skidmore*, 952 F.3d at 1064.

---

[4] The TAC also alleges that Plaintiff, Lipa, and Kozmeniuk are co-authors of the separately-copyrighted composition to Levitating. TAC ¶ 7. Defendants seek dismissal of the copyright claim on the ground that the Copyright Act bars infringement claims between co-authors. Motion at 20. Defendants are correct on the law. *See Oddo v. Ries*, 743 F.2d 630, 632–633 (9th Cir. 1984). But though the heading under the first claim for relief says the claim is for infringement of the "composition", the ***actual allegations*** underneath the heading allege infringement of the Kante Recording. *See e.g.*, ¶ 39 ("Defendants' unauthorized reproductions, distributions, public performance, and/or digital transmissions of the [infringing works] as alleged above, each constitute separate infringements of Plaintiff's rights in and to the federally-registered *sound recording* of Plaintiff's Work") (emphasis added). The allegations are controlling and the Court will treat the copyright claim as a claim for infringement of the Kante Recording. Therefore, any arguments regarding infringement of the composition are moot.

4

Defendants do not contest, for purposes of this Motion, Plaintiff's allegation that he owns a valid, federally-registered copyright in the Kante Recording. TAC ¶ 36. Nor can they at this stage of the litigation. The first element is therefore satisfied for pleading purposes.

With regard to the second element, the question of substantial similarity is "usually an extremely close issue of fact" and disposing of copyright infringement cases before trial is disfavored. *See Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 985 (9th Cir. 2017) ("[b]ecause substantial similarity is usually an extremely close issue of fact … summary judgment has been disfavored in cases involving intellectual property") (citation omitted). A motion to dismiss is proper only if "nothing disclosed during discovery could alter the fact that the allegedly infringing works are as a matter of law not substantially similar." *Masterson v. Walt Disney Company*, 821 Fed. Appx. 779, 781 (9th Cir. 2020) (citation omitted). Indeed, "[c]omplaints simply alleging present ownership by plaintiff, registration in compliance with the applicable statute and infringement by defendant have been held sufficient" at this stage. *Montz v. Pilgrim Films & Television, Inc.*, CV-06-7174-FMC-(MANx), 2007 WL 9706705 (C.D. Cal. July 13, 2007), *reversed on other grounds by Montz v. Pilgrim Films & Television, Inc.*, 649 F.3d 975 (9th Cir. 2011); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1120 (C.D. Cal 2001). The question at the pleading stage is essentially whether Defendant has received fair notice of the allegations against it. *Perfect 10, Inc.*, 167 F. Supp. 2d at 1121 (holding that the pleading was sufficient where Plaintiff pleaded the type of the infringing conduct, the source of the claims, and where the infringing conduct can be found.)

Plaintiff easily clears that bar. Plaintiff has plausibly alleged that Defendants sampled "all or substantially all" of the Kante Recording in the Levitating Remixes. TAC ¶ 38. Indeed, at oral argument, Defendants' counsel conceded that at least some portion of the Kante Recording was used. And there can be no dispute that the sound recording is a protectable element. Plaintiff's "recognizable voice" as modified by the talk box is a specific expressive element of the sound recording, *see Pryor v. Warner/Chappell Music, Inc.*, CV-13-04344-RSWL-(AJWx), 2014 WL 12780502 (C.D. Cal. June 23, 2014), and Defendants allegedly used part or all of the sound recording with the identical vocal performance. *Id.* ¶¶ 16, 38.

5

In short, Defendants are plainly on notice as to the type of infringing conduct (the unauthorized use of the Kante Recording), the source of the claims (Plaintiff's federally-registered copyright), and where the infringement can generally be found (within the Levitating Remixes). Plaintiff is not required at this stage to conduct a forensic analysis of the sound files (to which, in any case, Plaintiff does not have access) to provide further detail about where precisely in the Levitating Remixes the infringement is found.

### B. Accounting

Plaintiff's TAC includes an accounting claim against Defendant Warner. TAC ¶ 56. Defendant argues that this state law claim is preempted by the Copyright Act. Motion at 21.

The Ninth Circuit has a two part test for whether a state law claim is preempted by the Copyright Act. Part one asks whether the subject matter of a state law claim falls within the subject matter of copyright as described in 17 U.S.C. §§ 102, 103. *Laws v. Sony Music Entertainment, Inc.*, 448 F.3d 1134, 1137 (9th Cir. 2006). If yes, part two of the test looks at whether the rights asserted under state law are equivalent to the rights in 17 U.S.C. § 106. *Id.* at 1138. "If a plaintiff asserts a claim that is the equivalent of a claim for infringement of a copyrightable work, that claim is preempted, regardless of what legal rights the defendant might have acquired." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146 (9th Cir. 2010).

That is precisely what Plaintiff is doing here. Plaintiff brings the accounting claim to determine how much money Defendant Warner made from the Levitating Remixes, in order to calculate how much money Plaintiff may be owed. TAC ¶ 56 ("Plaintiff is entitled to and demands…a full accounting…by Defendant Warner Records, Inc. in connection with the creation, marketing, sale, and other exploitations of the *infringing works*") (emphasis added).

But the Copyright Act provides a near equivalent remedy. Specifically, it provides a plaintiff with a judicial remedy entitling the copyright owner to "actual damages and any additional profits of the infringer" meaning "actual damages suffered [] as a result of the infringement, and any profits that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a), (b). This statutory remedy "already affords plaintiff an adequate means by which to calculate damages in this action." *Young Money Entm't, LLC v. Digerati*

*Holdings, LLC*, 2:12-CV-07663-ODW-(JCx), 2012 WL 5571209 (C.D. Cal. Nov. 15, 2012) (citing 17 U.S.C. § 504).

Accordingly, Defendant's motion to dismiss the accounting claim is granted.

**V.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss the copyright claim is denied, and the motion to dismiss the accounting claim is granted without leave to amend.

Dated: September 10, 2024

Hernán D. Vera
United States District Judge