DAVID A. STEINBERG (SBN 130593)
  das@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Dua Lipa, Stephen Kozmeniuk, and
Warner Records Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| BOSKO KANTE, p/k/a BOSKO KANTE, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DUA LIPA, an individual; STEPHEN KOZMENIUK p/k/a KOZ, an individual; WARNER RECORDS INC.; and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:23-cv-06186-CV-PD<br><br>Honorable Cynthia Valenzuela<br><br>**DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f) SCHEDULING CONFERENCE REPORT** |

Pursuant to the Court's Order dated July 22, 2025 (ECF 80, the "Order"), Defendants Dua Lipa, Stephen Kozmeniuk, and Warner Records Inc. (collectively, "Defendants") respectfully submit the following unilateral Scheduling Conference Report.

Defendants submit this Report unilaterally because counsel for Plaintiff Bosko Kante ("Plaintiff") has not responded to repeated efforts to confer, as required by the Order, Rule 26(f), and Judge Valenzuela's Procedures, and to participate in the preparation of a joint submission. Defendants understand that the Court's Order calls for this Scheduling Conference Report to be submitted jointly. To that end, on August 12, 2025, Defendants' counsel contacted Plaintiff's counsel to request Plaintiff's counsel's availability to meet and confer regarding this submission. After receiving no response, Defendants' counsel followed up on August 22, September 2, and September 4, 2025. To date, Defendants' counsel has not received a response from Plaintiff's counsel regarding this submission.

Accordingly, Defendants file this Scheduling Conference Report unilaterally in order to comply with the Court's Order and to avoid further delay. As discussed in prior filings, Plaintiff's counsel's lack of responsiveness has recurred throughout this matter. *See* ECF 73. Defendants respectfully request the Court's assistance in moving this matter forward.

## SCHEDULING CONFERENCE REPORT

### A. Statement of the Case

Plaintiff commenced this action on July 31, 2023. ECF 1. Plaintiff filed the operative Third Amended Complaint ("TAC") on April 12, 2024. ECF 55.

Plaintiff alleges that in or about 2019, Plaintiff and "Defendants" (whom Plaintiff fails to specify) entered into an oral agreement whereby Plaintiff agreed to create and perform "talk box" vocals using the ElectroSpit Talk Box to be included in the musical work entitled "Levitating," released on Dua Lipa's album entitled *Future Nostalgia*. TAC ¶¶ 15-16, 19. Plaintiff alleges that he created original

melodies and lyrics, defined in the Complaint as "Plaintiff's Work," which were included in "Levitating." *Id.* ¶ 16.

Plaintiff further alleges that it was agreed that Plaintiff's Work could be used only in the original recording of "Levitating," and "that there would be no sampling or reuse of Plaintiff's performance by Defendants." TAC ¶ 17. Plaintiff alleges Defendants Warner and Kozmeniuk breached this oral agreement and infringed his copyright interests in Plaintiff's Work by "incorporat[ing] a sample of Plaintiff's Work" into the Levitating Remixes: (i) a remix of "Levitating" by the Blessed Madonna, featuring Madonna and Missy Elliott (the "Blessed Madonna Remix"), (ii) a remix of "Levitating" featuring rapper DaBaby (the "DaBaby Remix"), and (iii) a remix for the American Music Awards in November 2022 (the "AMA Remix"). *Id.* ¶¶ 21-25.

Each Defendant has separately answered the TAC and denies Plaintiff's allegations. ECF 65, 66, 67. In their respective answers, Defendants assert a variety of defenses, including but not limited to express and implied license, consent, lack of protectability, *de minimis* use, lack of valid registration, fraud on the Copyright Office, copyright misuse, failure to timely register, good faith, and lack of volitional conduct. ECF 65, 66, 67.

### B. Subject Matter Jurisdiction

This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this matter arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

### C. Legal Issues

Plaintiff's TAC raises claims of copyright infringement, breach of contract, and for an accounting. ECF 55. Plaintiff's claim for an accounting was dismissed with prejudice on September 10, 2024. ECF 64. Defendants deny Plaintiff's substantive allegations and raise a number of defenses, as noted above (*supra* Section A), including but not limited to license, *de minimis* use, consent, and lack of originality/protectability in the purportedly infringed material. ECF 67.

### D. Parties and Evidence

**Parties.** Plaintiff is Bosko Kante. Defendants are Warner Records Inc., Stephen Kozmeniuk, and Dua Lipa. Warner Records Inc. is a wholly-owned indirect subsidiary of Warner Music Group Corp., which is a publicly traded company with more than ten percent of its stock owned by AI Entertainment Holdings LLC and certain of its affiliates, which are not publicly traded companies.

**Witnesses.** Witnesses will likely include Bosko Kante, Stephen Kozmeniuk, and a corporate designee of Warner Records Inc. Because Plaintiff did not participate in the preparation of this Report, it is unclear if Plaintiff plans to call additional witnesses.

**Evidence.** Relevant evidence includes the works at issue, the invoice reflecting the payment of Plaintiff's one-time fee, and communications between the parties. Because Plaintiff did not participate in the preparation of this Report, it is unclear what evidence Plaintiff intends to present or address beyond what is mentioned herein.

### E. Damages

Plaintiff's TAC seeks "an award of damages," "declaratory" and "injunctive" relief, "punitive damages to the extent permitted by law," an "accounting," and "attorneys' fees." TAC at p. 12. Because Plaintiff did not participate in the preparation of this Report, it is unclear how Plaintiff calculated or intends to calculate his claimed damages. Defendants deny Plaintiff's allegations and dispute that Plaintiff is entitled to damages or relief of any kind, and reserve the right to seek attorneys' fees and costs pursuant to 17 U.S.C. § 505.

### F. Insurance

Defendants are not presently aware of any insurance coverage related to this dispute.

**G.   Motions**

Defendants do not presently anticipate making any motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the Court's jurisdiction. It is currently unknown whether Plaintiff anticipates additional motions.

**H.   Dispositive Motions**

Defendants anticipate filing a motion for summary judgment to dispense with Plaintiff's remaining claims. It is currently unknown whether Plaintiff intends to file any dispositive motions.

**I.   Manual for Complex Litigation**

Defendants do not anticipate this matter will require use of the Manual for Complex Litigation.

**J.   Discovery**

The parties have exchanged written discovery requests and responses, as well as documents. Plaintiff's deposition is currently noticed for October 15, 2025.

**K.   Discovery Plan**

The parties have exchanged written discovery requests and responses, as well as documents. The subjects for which discovery may be needed have largely been determined between the parties through the discovery served to date and each party's responses thereto. These subjects largely consist of communications between the parties and financial data, all of which Defendants believe has been provided. Defendants believe that further fact discovery in this litigation should be streamlined given the limited scope of communications and individuals involved. Plaintiff's deposition is currently noticed for October 15, 2025. Defendants also anticipate there being expert discovery on issues such as industry custom and practice. Because Plaintiff did not participate in preparing this Report, it is unknown whether Plaintiff plans to conduct additional discovery.

Defendants do not believe any changes to the disclosures under Fed. R. Civ. P. 26(a) should be made, do not believe that discovery should be conducted in phases, do not believe that applicable limitations should be changed, and do not believe that the Court should enter other orders at this time.

### L.    Discovery Cut-Off

The fact discovery cut-off will be January 9, 2026, as determined by the Court's scheduling protocol reproduced in Section R below.

### M.    Expert Discovery

The expert discovery cut-off will be February 13, 2026, as determined by the Court's scheduling protocol reproduced in Section R below.

### N.    Settlement Conference / Alternative Dispute Resolution ("ADR")

Defendants have attempted to conduct settlement negotiations with Plaintiff, but those efforts have been stymied by Plaintiff's counsel's lack of responsiveness. Defendants believe this matter should be subject to Alternative Dispute Resolution in the near future. To facilitate this process in an expeditious manner, Defendants request that an early deadline for ADR proceedings be set, specifically November 28, 2025. Defendants further request that the ADR procedure be private mediation.

### O.    Trial Estimate

Defendants anticipate an approximately three to four day jury trial. Defendants anticipate calling 2-3 fact witnesses and 1-2 expert witnesses.

### P.    Trial Counsel

Lead trial counsel will be David A. Steinberg and Bradley J. Mullins. Plaintiff's lead trial counsel is currently unknown.

### Q.    Independent Expert or Master

Defendants do not anticipate the need for an independent expert or master. Plaintiff's position on the matter is unknown.

### R.    Schedule Worksheet

See below:

## STANDARD SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*

| Case No. 2:23-cv-06186-CV-PD | Case Name: *Kante v. Dua Lipa, et al.* | | |
|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Check one: [X] Jury Trial or [ ] Court Trial<br>[<u>Tuesday</u> at 9:00 a.m., within 13-16 months of Scheduling Conference]<br>Estimated Duration: 3-4 Days | | | 06/16/2026 |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions *in Limine*<br>[<u>Friday</u> at 11:00 a.m., at least 17 days before trial] | | | 05/29/2026 |
| **Event**<br><u>Note</u>: Hearings shall be on Fridays at 1:30 p.m. Other dates can be any day of the week. | **Time Computation** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** |
| Last Date to <u>Hear</u> Motion to Amend Pleadings /Add Parties [Friday] | 91 days after scheduling conference | | 01/09/2026 |
| Fact Discovery Cut-Off [Friday]<br>(no later than deadline for filing dispositive motion) | 21 weeks before FPTC | | 01/09/2026 |
| Expert Disclosure (Initial) | 20 weeks before FPTC | | 01/16/2026 |
| Expert Disclosure (Rebuttal) | 18 weeks before FPTC | | 01/30/2026 |
| Expert Discovery Cut-Off | 16 weeks before FPTC | | 02/13/2026 |
| Last Date to <u>Hear</u> Motions [Friday]<br>• Joint brief due at least 28 days before hearing<br>• Supplemental Memoranda (if any) due 14 days before hearing | 9 weeks before FPTC | | 04/03/2026 |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br><u>Select</u> one: [ ] 1. Magistrate Judge *(with Court approval)*<br>[ ] 2. Court's Mediation Panel<br>[X] 3. Private Mediation | 5 weeks before FPTC | | 04/24/2026 |
| Trial Filings (first round) [Friday]<br>• Motions *in Limine*<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] (bench trial only)<br>• Declarations containing Direct Testimony, if ordered (bench trial only) | 4 weeks before FPTC | | 05/01/2026 |
| Trial Filings (second round) [Friday]<br>• Oppositions to Motions *in Limine*<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint Agreed Upon Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional *Voir Dire* Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Declarations of Direct Testimony (bench trial only) | 2 weeks before FPTC | | 05/15/2026 |

**S.     Other Issues**

None.

DATED: September 12, 2025         MITCHELL SILBERBERG & KNUPP LLP

By:  */s/ Bradley J. Mullins*
    David A. Steinberg
    Bradley J. Mullins
    Attorneys for Defendants Dua Lipa,
    Stephen Kozmeniuk, and Warner
    Records Inc.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California, I am over the age of eighteen years and am not a party to this action; my business address is Mitchell Silberberg & Knupp LLP, 2049 Century Park East, 18th Floor, Los Angeles, CA 90067-3120, and my business email address is ldm@msk.com.

On September 12, 2025, I served a copy of the foregoing document(s) described as **DEFENDANTS' FEDERAL RULE OF CIVIL PROCEDURE RULE 26(f) SCHEDULING CONFERENCE REPORT** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Herbert T. Patty<br>The Law Office of Herbert T. Patty<br>111 N. Market Street, Suite 300<br>San Jose, CA 95113<br>Cell: 408-520-8701<br>Fax: 408-549-9931<br>E-mail: herbert@htplaw.com<br><br>Na'il Benjamin<br>Benjamin Law Group, P.C.<br>1290 B Street, Suite 301<br>Hayward, CA 94541<br>Tel: (510) 897-9966<br>E-Mail: NBenjamin@benjaminlawgroup.com | Attorneys for: BOSKO KANTE p/k/a BOSKO KANTE |

☑ **BY ELECTRONIC MAIL**: I served the above-mentioned document electronically on the date indicated herein on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on September 12, 2025, at Los Angeles, California.

/s/ Latoya Mckoy
Latoya Mckoy

Mitchell Silberberg & Knupp LLP

PROOF OF SERVICE